IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOOTPRINT ACQUISITION LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 5013 |
| | ) |
| SKAL BEVERAGES EAST, INC. et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Texas Digital Systems, Inc.'s (TDS) motion to dismiss and on Plaintiff Footprint Acquisition LLC's (Footprint) motion to dismiss the claims in the counterclaim. For the reasons stated below, both motions are denied.

## BACKGROUND

In January 2011, Footprint allegedly entered into an agreement (Installation Agreement) with Defendant Skal Beverages East, Inc. (Skal) and TDS, under which Footprint was to provide comprehensive services in connection with the installation of digital menu boards at Dunkin' Donuts franchises. Due to certain developments, in April 2014, the parties allegedly agreed to certain modified prices that Footprint

1

would charge for installation services (Modification Agreement). Footprint contends that it has performed significant services in accordance with the terms of the Installation Agreement and Modification Agreement and that Defendants have failed to pay all amounts owed. Footprint includes in its amended complaint breach of contract claims brought against Skal and TDS (Count I), and unjust enrichment claims brought against Skal and TDS (Count II). TDS now moves to dismiss the claims brought against it.

Skal filed an answer and counterclaim. Skal alleges in the counterclaim that Footprint failed to properly perform work and failed to properly invoice the work that it did perform. According to Skal, Footprint regularly failed to follow the agreed upon billing process and regularly billed incorrect amounts for services. In addition, Footprint allegedly failed to ensure that its contractors had proper permits and allowed subcontractors to take shortcuts in performing work. Skal also alleges that Footprint damaged inventory that was sent from TDS to Footprint, and that Footprint is holding inventory that must be returned to TDS. Skal includes in its counterclaim a breach of contract claim (Count I), a claim alleging a breach of the covenant of good faith and fair dealing (Count II), a false invoice claim brought under Massachusetts statutory state law (Count III), and a claim seeking declaratory relief (Count IV). Footprint now moves to dismiss the claims in the counterclaim.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil

Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,' and that '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

**DISCUSSION**

I. TDS's Motion to Dismiss

TDS moves to dismiss all claims brought against it.

A. Breach of Contract Claim

3

TDS moves to dismiss the breach of contract claim brought against it, arguing that TDS cannot be held liable in this action since it was not a party to the contract with Footprint. The general elements for a breach of contract claim include a showing of an offer and acceptance between the parties forming an agreement between them. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 560 (7th Cir. 2012)(explaining breach of contract elements under Illinois law); *T & B Elec. Co. v. SimplexGrinnell, LP*, 2015 WL 3404178, at *2 (E.D. Va. 2015)(explaining breach of contract elements under Massachusetts law). Footprint alleges in the amended complaint that "Footprint executed the Agreement with Skal and TDS. . . ." (A. Compl. Par. 1, 15). TDS argues that the court should look beyond such allegations by Footprint. Footprint did attach a copy of an agreement to the amended complaint, which the court can consider for purposes of ruling on the instant motion to dismiss. Fed. R. Civ. P. 10(c). However, the exhibit merely indicates an agreement between Footprint and a client identified as "Dunkin Brands." (DE 17-1). The exhibit is also unsigned. Neither Skal nor TDS is specifically identified on the document and there is no indication from the face of the document that it is the Installation Agreement in question in this case. TDS has failed to point to any exhibit to the amended complaint or attach an exhibit to its motion that shows on its face that the Installation Agreement was one solely between Footprint and Skal. Although TDS attaches to its motion a Master Corporate Services Agreement, that exhibit does not indicate that Footprint was a party, and the signature page indicates the parties entered into the contract in 2013 instead of the 2014 Installation Agreement that is at issue in this

case. For the purposes of ruling on the motion to dismiss, Footprint's allegation that it executed an agreement with TDS is sufficient at the pleadings stage for its breach of contract claim. Therefore, the motion to dismiss the breach of contract claim brought against TDS is denied.

B. Unjust Enrichment Claim

TDS argues that Footprint cannot pursue an unjust enrichment claim since Footprint also seeks relief for an alleged breach of a contract. Under Illinois law, "recovery for unjust enrichment is unavailable where the conduct at issue is the subject of an express contract between the plaintiff and defendant." *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 615 (7th Cir. 2013). However, a plaintiff can plead an unjust enrichment claim in the alternative to a breach of contract claim. *Id.*; Fed. R. Civ. P. 8(d)(2); *see also Composite Co. v. Am. Int'l Grp., Inc.*, 988 F. Supp. 2d 61, 80 (D. Mass. 2013)(stating that "unjust enrichment provides an alternative, equitable theory of recovery in the event that the Court finds that the contract did not govern the conduct at issue." In the instant action, Footprint has expressly pled the unjust enrichment claim in the alternative to the breach of contract claim. In regard as to what state law governs the unjust enrichment claim, it is premature to make such a determination based upon the pleadings at this juncture. *See Nautilus Ins. Co. v. Reuter*, 537 F.3d 733, 742 (7th Cir. 2008)(stating that a "district court must also resolve factual disputes that bear on the choice-of-law determination"). Therefore, the motion to dismiss the unjust enrichment claim brought against TDS is denied.

II. Footprint's Motion to Dismiss

     Footprint argues that the claims in the counterclaim are nothing more than defenses to Footprint's claims and therefore should be dismissed. However, in the counterclaim, Skal alleges various breaches by Footprint of an agreement between the parties relating to billing, installation requirements, and other matters that are not addressed in the complaint. Skal contends that it is premising its breach of contract claim on the course of dealing between the parties, not merely on the Installation Agreement. (Resp. P Mot. 1); (CC Par. 7). Footprint argues that Skal has not pled sufficient facts, contending that it has not specifically alleged all of the performance obligations based on the agreement between the parties that Skal relies upon. However, at the pleadings stage, Skal is not required to exhaustively allege all facts. Skal expressly alleges that it performed its obligations in accordance with the understanding between the parties and that Footprint failed to satisfy its obligations. (CC Par. 32-34). In regard to Count II of the counterclaim, Footprint argues that the breach of the good faith and fair dealing claim cannot be a stand-alone claim under Illinois law. Skal argues that Massachusetts state law applies in this case. Count III is also based on Massachusetts statutory state law. The parties have not comprehensively briefed the issue of what state law applies to the various claims in this case. In addition, such a determination will require a consideration of a variety of facts that are beyond the pleadings and thus it is premature to make such a determination at this juncture. Therefore, the motion to dismiss the claims in the counterclaim is denied.

## CONCLUSION

Based on the foregoing analysis, TDS's motion to dismiss is denied and Footprint's motion to dismiss the claims in the counterclaim is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 13, 2016